Filed 8/18/25  P. v. Sok CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G064276, G064353 |
| v. | (Super. Ct. No. 09WF2166) |
| DUYEN KIM SOK, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Andre Manssourian, Judge. Affirmed.

William G. Holzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

A jury convicted defendant Duyen Kim Sok of attempted murder. He filed a resentencing petition under Penal Code section 1172.6, which the trial court denied at the prima facie stage.[1] On appeal, his appointed counsel filed a no-issue brief, requesting that we independently review the record for error under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). We have exercised our discretion per *Delgadillo* but have found no arguable issues. Thus, we affirm the court's postjudgment order.

FACTS AND PROCEDURAL HISTORY

In 2013, a jury found Sok guilty of one count of attempted murder. (§§ 664, 187, subd. (a).) It also found true that in committing this offense, Sok used a deadly weapon—a knife—and inflicted great bodily injury on the victim. (§§ 12022, subd. (b)(1), 12022.7, subd. (a).) Sok was sentenced to an indeterminate term of 25 years to life for the attempted murder count plus nine consecutive years for the enhancements and certain prior strikes that were found true.[2]

Sok filed a resentencing petition under section 1172.6 in March 2024, and was later appointed counsel. The trial court dismissed his petition following a prima facie hearing. It found, "A review of the record of conviction, including the instructions presented to the jury at trial makes clear there was no natural and probable consequences theory upon which the

---

[1] All further undesignated statutory references are to the Penal Code.

[2] The jury also found Sok guilty of aggravated mayhem (§ 205) and aggravated assault (§ 245, subd. (a)(1)). It imposed a concurrent sentence of life in prison with the possibility of parole on the aggravated mayhem count and a concurrent sentence of 25 years to life for the aggravated assault count. These convictions and sentences are not pertinent to this appeal.

jury could have convicted petitioner. Whether jury found Defendant guilty as the actual perpetrator, as a direct aider and abettor, or as a co-conspirator, the record of conviction shows Petitioner possessed the requisite intent to kill. Therefore, the petitioner would still be guilty of Attempted Murder under currently valid law."

Sok appealed the denial of his section 1172.6 petition. His counsel then filed a no-issue brief requesting an independent review of the record under *Delgadillo*. In January 2025, this Court issued an order granting Sok 30 days to file a supplemental brief. The order stated his appeal could be dismissed if he failed to do so. Sok did not file anything in response.

DISCUSSION

Generally, to prove attempted murder, the prosecution must establish the defendant acted with specific intent to kill. (*People v. Canizales* (2019) 7 Cal.5th 591, 602.) However, prior to 2019, aiders and abettors could be found guilty of attempted murder under a natural and probable consequences theory even if they personally lacked the intent to kill. (*People v. Sanchez* (2022) 75 Cal.App.5th 191, 193–194, 196.) The direct perpetrator's "'intent to kill' was imputed" onto the aider and abettor if the "attempted murder was a natural and probable consequence of [the aider and abettor's] intent to participate in the target offense." (*People v. Montes* (2021) 71 Cal.App.5th 1001, 1007–1008.)

"Effective January 1, 2019, the Legislature passed Senate Bill 1437 'to amend the . . . natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' [Citation.] In addition . . . Senate Bill 1437 added

3

section 1170.95 [(now section 1172.6)], which provides a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*People v. Lewis* (2021) 11 Cal.5th 952, 959.) The Legislature later clarified that persons convicted of attempted murder under a natural and probable consequences theory may also seek relief. (*People v. Whitson* (2022) 79 Cal.App.5th 22, 30.)

Persons convicted of murder or attempted murder prior to the amendments made by Senate Bill No. 1437 may seek relief by filing a resentencing petition under section 1172.6. (*People v. Strong* (2022) 13 Cal.5th 698, 707–708.) The trial court reviews such petitions to determine whether the petitioner has made a prima facie case. "If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition." (*Id.* at p. 708.)

On an appeal from a denial of a section 1172.6 petition, if appointed counsel finds no arguable issues to pursue, (1) counsel should file a brief stating that determination with a factual summary of the petition's denial, and (2) the court should notify the defendant of his or her right to file a supplemental brief and that the appeal may be dismissed if no such brief is filed within 30 days. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 231–232.) If the defendant files a supplemental brief, the appellate court must evaluate the arguments made therein and issue a written opinion. (*Id.* at p. 232.) If no supplemental brief is filed, the appellate court has discretion to dismiss the appeal or review the record independently. (*Ibid.*) Though Sok did not file a supplemental brief, we exercise our discretion to review the record in the interests of justice.

The jury instructions do not mention the natural and probable consequences theory, felony murder, aiding and abetting, or any other theory

4

that would have allowed the jury to impute an intent to kill on Sok based on his involvement in another offense. Based on the jury instructions given, to convict Sok of attempted murder, the jury had to find he personally "took at least one direct but ineffective step toward killing another person" and personally "intended to kill that person." Sok could still be convicted of attempted murder under current law based on these findings and was ineligible for relief as a matter of law. (*People v. Harden* (2022) 81 Cal.App.5th 45, 52 ["[I]f the record shows that the jury was not instructed on either the natural and probable consequences or felony-murder doctrines, then the petitioner is ineligible for relief as a matter of law"].) As such, the trial court did not err by denying Sok's section 1172.6 petition at the prima facie stage.

## DISPOSITION

The court's postjudgment order is affirmed.

MOORE, ACTING P. J.

WE CONCUR:

GOODING, J.

SCOTT, J.

5